31 C.C.P.A.(Patents)

## JACOB RIES BOTTLING WORKS, Inc., v. COCA-COLA CO.

### Patent Appeal No. 4677.

Court of Customs and Patent Appeals.
June 10, 1943.

Rehearing Denied Oct. 4, 1943.

JACKSON, Associate Judge, dissenting.

Eugene E. Stevens, of Washington, D. C. (C. L. Parker, of Washington, D. C., of counsel), for appellant.

Spalding, Sibley, Troutman & Brock, of Atlanta, Ga. (Edward S. Rogers, of Chicago, Ill., and Joseph M. Collins, of Atlanta, Ga., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents sustaining appellee's opposition to appellant's application for registration under the Trade-Mark Registration Act of February 20, 1905, of the notation "Rock Spring Kola" as a trade-mark for maltless, noncereal, nonalcoholic beverages, the word "Kola" being "disclaimed apart from other features of the mark shown in the drawing." The decision of the commissioner reversed that of the Examiner of Interferences who had rendered judgment dismissing the opposition and holding appellant entitled to the registration sought.

The disclaimer of the word "Kola'" appears to have been made in response to a requirement of the Examiner of Trade-Marks before he passed the mark for publication and to have been made "Without waiving any common law rights." The only features of the mark aside from the disclaimed word are the words "Rock Spring," which appear to have been registered several times by appellant, or its predecessor in business, for different kinds of nonalcoholic beverages, the first of such registrations being in 1906. Use of the mark here sought to be registered is claimed in the application since November 16, 1938.

In its notice of opposition appellee pleaded its ownership of the well-known trade-mark "Coca-Cola" for which it holds many registrations, the first being one granted in 1893.

The validity of the several registrations of "Coca-Cola" is not questioned in this proceeding, nor is the validity of the "Rock Spring" registrations at issue.

The issue here revolves solely about the word "Kola," which, of course, is the equivalent of "Cola" in sound and in meaning.

It is conceded that the goods of appellant to which it applies the particular mark, "Rock Spring Kola," are of the same descriptive properties as the goods to which appellee applies the mark "Coca-Cola."

So, no complicated question is presented, nor does this case differ in principle from other cases which have been before us involving the "Coca-Cola" mark.

Reduced to its simplest terms, the question to be decided is whether the inclusion of the word "Kola" in appellant's mark should forbid its registration, upon the ground of likelihood of confusion, in view

of the word "Cola" in appellee's registered marks.

It is proper to emphasize the fact that the only question before us is that of appellant's right to register and that this right is governed by the terms of the statute.

Appellant introduced much evidence which, however pertinent it might be in a proceeding involving a question of infringement, or unfair competition, is irrelevant in a registration proceeding, and appellant's brief presents arguments, based upon many cited cases of which the same may be said.

In consequence, we agree with the commissioner that no discussion of the evidence is necessary.

There is no distinction in principle between this case and the case of Corn Products Refining Co. v. Coca-Cola Co., 103 F.2d 385, 26 C.C.P.A.,Patents, 1181. The arguments made before us in this case (while more elaborate) are practically the same as the arguments made before us in that case. The applicant in that case sought to register the notation "Dextra-Cola" for use as a trade-mark on a syrup identical in its nature with the syrup on which the Coca-Cola Company used its "Coca-Cola" mark. The Examiner of Trade-Marks there required disclaimer of the word "Cola" (and it was disclaimed) just as in this case disclaimer of the word "Kola" was required and made. The Coca-Cola Company there opposed the application just as it opposes the application here. In that case the tribunals of the Patent Office concurred in the view that the marks at issue were confusingly similar and that the opposition should be sustained, and we agreed with them.

If the decisions were correct there, and we think they were, certainly the commissioner rendered the correct decision in the instant case.

It was urged in that case, just as it is urged here, that "Cola" ("Kola") is a descriptive term and, therefore, open to public use.

Assuming that it is a descriptive term, open to public use, it does not follow that it is open to registration as a mark, or part of a mark, so long as the Coca-Cola Company's several registrations remain uncancelled in the Patent Office.

Appellant here contends that "Coca" is the dominant part of appellee's mark and that "Rock Spring" is the dominant part of appellant's mark. With this contention we are unable to agree. It is perfectly obvious that appellant desires to include "Kola" in its mark solely in order to indicate the character of the particular type of beverage which it manufactures and markets under the name of "Rock Spring Kola," and in actual use "Kola" is the part which is of interest to the purchaser of the product. Its disclaimer of the word "Kola," of course, adds nothing to its right to register. Tetley & Co., Inc., v. Bay State Fishing Co., 82 F.2d 299, 23 C.C.P.A.,Patents, 969.

In the Corn Products Refining Co. case, supra, "Cola" was disclaimed but it was held, in effect, that such disclaimer did not render "Dextra-Cola" registrable.

Appellant has placed some emphasis upon our decision in the case of Puerto Rico Distilling Co. v. Coca-Cola Co., 120 F.2d 370, 28 C.C.P.A.,Patents, 1143. We there held (two of the five judges dissenting) that the appellant was entitled to register the word "Ronricola" as a trade-mark for an alcoholic beverage which, it was stated, contained a considerable amount of cola syrup. It was the view of the majority in that case that the difference between the words "Ronricola" and "Coca-Cola," when considered in connection with the difference between an alcoholic and a nonalcoholic beverage, justified a holding that no confusion would likely result from the concurrent use of the respective marks, and that the notation Ronricola might properly be registered. It is obvious that the decision there has no applicability here.

We deem it unnecessary further to pursue a discussion of the case, but attention may be directed to the cases of Steinreich v. The Coca Cola Co., 67 F.2d 498, 21 C.C.P.A.,Patents, 722; King Kola Mfg. Co. v. Coca Cola Co., 99 F.2d 983, 26 C.C.P.A., Patents 704.

The decision of the commissioner is affirmed.

Affirmed.

JACKSON, Associate Judge, dissents.

BLAND, Associate Judge, took no part in the consideration or decision of this case.