34 C.C.P.A.(Patents)

## J. S. IVINS' SON, Inc., v. LAMONT, CORLISS & CO.

### Patent Appeal No. 5205.

Court of Customs and Patent Appeals.

Dec. 9, 1946.

Benj. T. Rauber, of New York City (Joseph H. Milans, of Washington, D. C., of counsel), for appellant.

Ray T. Ernst, of New York City, for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

The appellant filed its application in the United States Patent Office for the registration of its trade-mark, "Gate House Cookies by Ivins" accompanied by the picture of a gate and a house at the side, for use upon cookies. The words, "Cookies by Ivins" were disclaimed except in combination with the other features.

The appellee filed notice of opposition to such registration, basing the same upon its registered trade-marks, "Toll House" for chocolate and the same notation for cookies. Appellee's seniority of use is not questioned.

The Examiner of Trade-mark Interferences held there was confusing similarity between the marks when applied to the goods involved and sustained the notice of opposition, which holding, upon appeal to the Commissioner of Patents, was affirmed.

Appellant has appealed here from the commissioner's decision, 65 USPQ 51, and, as below, stresses the contention that there is no possibility of confusion between "Toll House" and "Gate House." It calls attention to the fact that numerous so-called "House" trade-marks have already been registered and are in use, such as "White House," "Doll House," "Kent House," etc., and argues that to refuse registration is equivalent to holding that the appellee has the exclusive right to use the word "House" in the sale of goods of the character here involved. Appellant stresses the fact that by reason of its frequent use in this connection the "House" feature of the mark is not the portion which would indicate origin of the goods and urges that there is no similarity between "Toll" and "Gate."

It is our view that appellant's contention is without merit.

If registrations in the Patent Office of the word "House" have been improperly allowed, it does not help the situation any to further confuse the purchaser by registering such a mark as appellant here seeks to register. Whether or not appellant has the right to use its mark is not before us. The statute under which we are operating makes likelihood of confusion the test for registration.

The commissioner, in his decision, stated:

"Applicant's mark as a whole differs considerably from opposer's mark in appearance and in sound. The dominant feature of applicant's mark, however, is the expression 'Gate House.' As pointed out by the examiner of interferences, this expression may have precisely the same meaning as 'Toll House;' and it is thus quite probable 'that to many purchasers, at least, both

notations would give rise to the same mental picture.' In view of the character and identity of the merchandise to which the marks are applied, it therefore seems reasonably likely that confusion would result from their concurrent use in trade, and that opposer would be damaged by the proposed registration."

The examiner had held as follows:

"While it is true that applicant's mark is a composite one having a quite elaborate picture of a house and gate, it nevertheless seems to the examiner that the notation 'Gate House' is the dominant feature of this mark since this is the name by which the goods will be called by prospective purchasers and would probably be the only name by which the goods would be known in the case of radio advertising and word of mouth recommendation. Both this notation and opposer's mark are identical in the use of the word 'house,' and further it seems to the examiner that when viewed in their entireties they are susceptible of very similar significances.

"Webster's New International Dictionary, edition of 1939, defines tollhouse as 'a house where a tollgatherer is stationed, esp. such a house at a toll-gate or at the end of a toll bridge.' Funk & Wagnalls New Standard Dictionary, edition of 1930, defines tollhouse as 'a toll-collector's lodge adjoining a toll-gate.' Furthermore, the same dictionary defines gate-house as 'a house beside, over, or at a gate, as a tollhouse.' It seems to the examiner therefore that to many purchasers, at least, both notations would give rise to the same mental picture; and under such circumstances where, as here, the marks are applied to identical goods, confusion in trade is deemed reasonably likely."

We agree with the position of the examiner and the commissioner that there is an association of ideas between "Toll House" and "Gate House" that would be likely to promote confusion.

As we have so frequently said, one who really wishes to distinguish his goods from those of another has a wide field to select from without going into disputed territory.

The decision of the commissioner is affirmed.

Affirmed.