34 C.C.P.A.(Patents)

### J. S. IVINS' SON, Inc., v. UNITED BIS-CUIT CO. OF AMERICA.

#### Patent Appeal No. 5206.

Court of Customs and Patent Appeals.

Dec. 9, 1946.

Benj. T. Rauber, of New York City (Joseph H. Milans, of Washington, D. C., of counsel), for appellant.

Robert I. Dennison, of Washington, D. C. (John F. Brezina, of Chicago, Ill., of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

This is an appeal in a United States Patent Office trade-mark opposition proceeding from the decision of the Commissioner of Patents, 65 U.S.P.Q. 50, affirming that the Examiner of Trade-mark Interference which sustained the opposition filed by the appellee and denied appellant registration of its mark, comprised of the picture of a gate and a house and the notation "Gate House Cookies by Ivins." The words "Cookies by Ivins" were disclaimed except in combination with the other features, and the mark is alleged to be applied to cookies.

The opposition was based upon appellee's use (no registration shown) of its trade-mark "Town House" upon cookies, crackers, and other baked articles and food products. Thus the goods are in part identical and it seems to be conceded that the appellee is senior in the use of its mark.

The mark of appellant in this proceeding is the same mark sought to be registered in the application involved in the appeal in J. S. Ivins' Son, Inc., v. Lamont, Corliss & Company, C.C.P.A., Patents, 158 F.2d 399, the opinion in which case is handed down concurrently herewith.

The examiner stated the issue presented, which is the same issue as presented here, and held as follows:

"* * * The only question for consideration herein * * * relates to the similarities of the marks.

"With respect to the marks, applicant contends that the word 'House' has been used by others as a part of two-word notations applied to similar goods and hence that this word is not a distinctive part of the mark and should be given little consideration in the comparison of the marks herein. The fact, however, that others may have used this word in their marks is immaterial to applicant's right of registration, the only question before the examiner for consideration herein. The Pepsodent Co. v. Comfort Mfg. Co., 83 F.2d 906, 23 C.C.P.A., Patents, 1224, 472 O.G. 258.

"It seems to the examiner that the word 'House' is a prominent, if not a dominant, portion of the spoken mark, and since the goods are identical, inexpensive, and consumed in use, the examiner is of the opinion that confusion in trade is likely to result. This conclusion is deemed to be in accordance with the following decisions in-

volving the marks indicated: Young-Timers—Two Timer C. B. Shane Corporation v. Henri Bendel, Inc., 557 O.G. 592, 166 Ms.D. 348, 59 U.S.P.Q. 308; Town Tavern—Kentucky Tavern Glenmore Distilleries Company v. National Distillers Products Corp., 533 O.G. 1057, 163 Ms.D. 858, 51 U.S.P.Q. 329; Red Horse—White Horse D. J. Bielzoff Products Company v. White Horse Distillers, Ltd., 107 F.2d 583, 27 C.C.P.A., Patents, 722, 511 O.G. 801; Lion Head—Wolf's Head Gilmore Oil Company Ltd. v. Wolverine-Empire Refining Company, 69 F.2d 532, 21 C.C.P.A., Patents, 943, 445 O.G. 775; Diamond Blossom—Orange Blossom Traub Manufacturing Company v. R. Harris & Company, 53 F.2d 416, 19 C.C.P.A. 704, 414 O.G. 3.

"Accordingly, the notice of opposition is hereby sustained and it is further adjudged that the applicant is not entitled to the registration for which it has made application."

The commissioner agreed in all particulars with the examiner and stated that the word "House" was the dominant portion of the respective marks and that: "A town house and a gate house are both houses, differing only in style, location, or purpose. And casual purchasers would be less likely to recall the exact type of house described in either trade-mark than to remember merely that it is some kind of house. I am constrained to agree with the examiner of interferences that 'since the goods are identical, inexpensive, and consumed in use,' their concurrent sale under these particular marks may well lead to confusion."

Substantially the same arguments are made in this case as were made in the companion case and need no extended discussion here.

■ Appellant has pointed out certain decisions of this court involving "Washington Park" and "Fashion Park" (Rosenberg Bros. & Co. v. Horowitz, 35 F.2d 784, 17 C.C.P.A., Patents, 641, "Gem-of-the-Sea" and "Chicken of the Sea" (Franco-Italian Packing Corp. v. Van Camp Sea Food Co., Inc., 142 F.2d 274, 31 C.C.P.A., Patents, 1029, and other marks which were held not to be confusingly similar. It also cited in the companion case, supra, Firestone Tire & Rubber Co. v. Montgomery Ward & Co., Inc., 150 F.2d 439, 32 C.C.P.A., Patents, 1074, involving "Air Chief" and "Airline." These cases are easily distinguished, but regardless of this fact this court has often said that each case must rest upon its own bottom and that the facts and the circumstances of each case must be closely scrutinized and that even then it is frequently not helpful to rely upon certain phases of analogy between cases in deciding a trade-mark issue.

■ It might be observed, however, that in the marks "Gate House" and "Town House" the first words in each mark are descriptive and are composed of four letters, and that the term "House" in each of the marks is that portion of the marks which is the chief factor in directing the purchaser's attention to the origin of the goods.

The reasons set out by the tribunals below, we think, are sound and require but little discussion here.

Appellant has complained quite earnestly of the statement by the commissioner that "a town house and a gate house are both houses, differing only in style, location, or purpose," and urges that the style, location, or purpose of the house is what distinguishes his trade-mark "Gate House" from "Town House." It does not seem to us that the purchaser of the particular kind of goods with which we are here concerned would spend much time, or should be required to do so, in distinguishing between the particular styles, locations, or purposes of houses in selecting his cookies, etc.

The decision of the commissioner is affirmed.

Affirmed.