35 C.C.P.A.(Patents)

### G. VIVIANO, Inc., v. CRESTA BLANCA WINE CO., Inc.

#### Patent Appeals No. 5437.

Court of Customs and Patent Appeals.
April 6, 1948.

A. Harry Crowell and Kimmel & Crowell, both of Washington, D. C., for appellant.

Mock & Blum, of New York City (Asher Blum, of New York City, and Charles R. Allen, of Washington, D. C., of counsel), for appellee.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from a decision of the Commissioner of Patents, 71 U.S.P.Q. 149, reversing that of the Examiner of Interferences, dismissing appellee's notice of opposition to the registration of appellant's composite trade-mark consisting of a shield on which appears the letters "G," "V," and "I" on red, blue, and gold background respectively. On either side of the shield are representations of grapes and grape leaves and a ribbon scroll extending across the bottom tip of the shield. Over the shield in prominent letters appears the name "Viviano" (disclaimed apart from the mark as shown) and under the shield are the words "Gold Crest." Appellee's registered trade-mark, upon which the op-position is based, is "Cresta Blanca." The goods of both parties, being wines, are identical.

The contention of appellee has been and is that the marks of the parties are dominated by the word "Crest." It is argued that that word is the dominant feature in appellant's mark and has the same meaning as the word "Cresta" in the mark of appellee.

The examiner was of opinion that the word "Crest" was not the dominant feature of appellant's mark and that when such mark is considered as a whole together with the whole of appellee's mark that they are not similar in appearance or sound. He held, therefore, that when considered in their entireties the marks of the parties were sufficiently different as to obviate any likelihood of confusion in trade.

The commissioner in his decision was of opinion that based on the ornate appearance of appellant's mark and the simple mark of appellee, that the difference between the marks in appearance is so great that there would be no confusing similarity in that respect.

The commissioner was of opinion that appellant's mark would be referred to as "Viviano Gold Crest" but that since "Viviano" was disclaimed the trade-mark significance in sound would be in the expression "Gold Crest." The commissioner stated that when the words "Crest" and "Cresta" are spoken that they would make more of an impression on the hearer than the accompanying words "Gold" and "Blanca." The commissioner thought that because the words "Crest" and "Cresta" are somewhat similar in sound that there would be likelihood of persons to mistake one for the other and therefore confusion would ensue. In effect he held that the words "Crest" and "Cresta" were the dominant features of the marks of the parties. He then said that sound of itself is sufficient upon which to base confusing similarity of the marks as applied to goods of the same descriptive properties, citing the case of Skol Co., Inc., v. Olson, 151 F.2d 200, 33 C.C.P.A., Patents, 715.

We can not agree with the decision of the commissioner.

The sole question here is whether or not the marks of the parties are confusingly similar.

We can not see, in considering a mark so well known as that of appellee, how it can be reasonably concluded that the word "Cresta" is its dominant feature. Neither can we understand how it could be contended that the word "Blanca" would be considered as dominating the mark. In our opinion there is no separate dominant feature to the mark "Cresta Blanca." As far as appellee's wines are concerned, the words must be used together or the mark would lose its very nature. It is an old and exceedingly well known mark among those who are accustomed to the use of wines. The name apparently means "white crest," but surely, if it were translated from Spanish into English, no one could reasonably think that "White Crest" wine was the wine with which the mark "Cresta Blanca" is used.

We are of opinion that "Crest" is not the dominant feature of appellant's mark. Its dominant feature clearly is "Gold Crest," which neither looks like nor sounds like, nor has any parallel or suggestive meaning as "Cresta Blanca."

We have held many times that in trade-mark cases, precedents are of no great aid to decision. In re Dutch Maid Ice Cream Company, 95 F.2d 262, 25 C.C.P.A., Patents, 1009. Nevertheless, appellee has cited and earnestly discussed several cases decided by this court as sustaining his contention that the marks are confusingly similar, and we deem it proper to briefly distinguish between those cases and the instant case.

Appellee reasons that if appellant is allowed to register the word "Crest" in the combination mark "Viviano Gold Crest" that many others might follow suit and we would witness such combinations as "Cervantes Purple Crest," "Rossini Crestadi Vini," "Crest of Creation," "Puccini Crest of Happiness," and the like, and thus a condition might arise such as we stated would be likely in the case of Bielzoff Products Company v. White Horse Distillers, Limited, 107 F.2d 583, 27 C.C.P.A., Patents, 722.

In that case appellant sought to register the mark "Red Horse" as applied to alcoholic beverages. Appellee was the owner of the trade-marks "White Horse" and "Black Horse" for alcoholic beverages. We stated that if appellant could register "Red Horse" some third party might be entitled to register "Bay Horse" or other similar mark on such beverages and thus destroy the value of appellee's registered marks. We can see no possible parallel between the facts of the Bielzoff Products Company case, supra, and those before us here. If in that case the name appellant sought to register was "Caballo Colorado" or "Caballo Rojos," we might have a situation somewhat similar to the one before us. In the instant case if the mark appellant seeks to register were "Carta de Oro," the facts might be considered to be somewhat similar to that of the Bielzoff Products Company case, supra.

We find no precedent in the case of J. S. Ivins' Son, Inc., v. United Biscuit Co. of America, 158 F.2d 397, 34 C.C.P.A., Patents, 739, where the marks "Gate House Cookies by Ivins," the last three words being disclaimed, and the expression "Town House" were held to be confusingly similar as applied to goods identical in part. We there held that in the marks "Gate House" and "Town House" the words Gate and Town were distinctive and the expression "House" was the part of the mark which was the chief factor in directing the purchaser's attention to the origin of the goods. We quoted with approval the decision of the commissioner that a town house and a gate house are both houses differing only in style, location, or purpose. In the instant case we have no identity of words in the involved marks.

Similarly in the case of J. S. Ivins' Son, Inc., v. Lamont, Corliss & Co., 158 F.2d 399, 34 C.C.P.A., Patents, 737, 72 USPQ 120, appellant sought to have registered its trade-mark "Gate House Cookies by Ivins." It was opposed by appellee, basing its opposition on its registered mark "Toll House" for chocolate and for cookies. We approved the reasoning in the decision of the commissioner, in which it was stated, as

was pointed out by the Examiner of Interferences, that the expression "Gate House" and "Toll House" have precisely the same meaning. Clearly there is nothing in the facts of that case to give it any controlling effect here.

The cases of Macleay Duff (Distillers), Ltd., v. Frankfort Distilleries, Inc., 129 F.2d 695, 29 C.C.P.A., Patents, 1160, involved the word "Duff's" as applied to Scotch Whiskey. Appellee was the owner of the marks "Duffy," "Duffy's," "Duffy's Malt," "Duffy's Malt Whiskey," and "Duffy's Whiskey." We agreed with the tribunals of the Patent Office in holding that the notation "Duff" is the more prominent spoken symbol and the one by which purchasers would ordinarily buy appellant's goods. We reasoned that the goods of the parties would be sought as "Duff's" or as "Duffy's." Clearly the difference in appearance and sound between those two words is so very slight that we held their concurrent use was likely to confuse the mind of the public or deceive purchasers as to origin. It is obvious that there is nothing in that case that can apply to the facts here.

Appellee has also cited the case of American Brewing Company, Inc., v. Delatour Beverage Corporation, 100 F.2d 253, 254, 26 C.C.P.A., Patents, 778. That was a cancelation proceeding in which it appeared that appellants had used a trade-mark upon beer and ale, which consisted of a reproduction of the Statute of Liberty and the word "Liberty." Appellee was the owner of the mark "America Dry Ginger Ale." In reversing the decision of the commissioner, we held that the representation of the Statue of Liberty was the dominant portion of the mark sought to be canceled and that when considering the mark as a whole it was confusingly similar to that of appellant which consisted of the. Statute of Liberty and the word "Liberty," as aforesaid. Clearly there is nothing in that case which would even "squint" toward the facts here.

In the case of Jacob Ries Bottling Works, Inc., v. Coca-Cola Co., 138 F.2d 56, 31 C.C.P.A., Patents, 706, the issue was stated to be between the word "Kola" which appeared in appellant's mark "Rock Spring Kola" sought to be registered and "Cola" appearing in the "Coca-Cola" mark of appellee. The goods of the parties were of the same descriptive properties and the marks considered as a whole were held to be confusingly similar. In the instant case no word of the mark of appellee is idem sonans with any word in the mark of appellant.

The commissioner in his decision cited the case of Skol Company, Inc., v. Olson, supra. It was also cited here by appellee. We there held by a divided court that the goods of the appellee, a charged mineral water which had been advertised as having a therapeutic effect, possessed the same descriptive properties as appellant's goods, which were lotions for preventing sunburn, for use after shaving, and for relief of such complaints as cold sore, ringworm, athlete's foot, hives, burns, abrasions, scalds, and other skin irritations, and for eye glasses, to all of which was applied the trade name "Skol." The term sought to be registered was "Skoal." There the names were the same in sound, and might be considered by some the same in meaning. For the reason that a majority of the court held that the goods of the parties were of the same descriptive properties, the decision of the commissioner was reversed. It is clear that that case has no pertinence here.

In our opinion appellant does not seek to take anything from the value of appellee's trade-mark. Therefore, the case of Bon Ami Co. v. McKesson & Robbins, Inc., 93 F.2d 915, 25 C.C.P.A., Patents, 826, 36 USPQ 260, is not at all in point as contended by appellee.

In the case of Ex parte Crest Laboratories, Inc., 55 U.S.P.Q. 233, the Commissioner of Patents refused to register the word "Crest" as applied to a shampoo preparation in view of three prior registrations, "Alice Dale's Crest," "Gold Crest," and "Vel Crest," as applied to goods of the same descriptive properties. The commissioner properly stated that, "All of the marks cited carry conspicuously or dominantly the word 'Crest,' which is the sole feature of the applicant's mark." It can not, in our opinion, be reasonably held that the word "Crest" in appellant's mark is a conspicuous or dominant feature, any more

than we could hold that "Cresta" is the dominant feature of the mark of appellee.

In the case of McKesson & Robbins, Incorporated, v. California Growers Wineries, 60 U.S.P.Q. 147, the mark "Golden Bear" was held to be confusingly similar to the mark "Bear Club." Both marks were applied to liquor and both appeared in association with a shield design. The word "Bear" was admittedly the dominant part of the words "Golden Bear" and the commissioner held that for the same reason the word "Bear" dominates the mark "Bear Club." We have no such situation before us in this case. No word of the mark sought to be registered is the same as any word in appellee's mark.

Viewing the issue as narrowly as it reasonably can be considered, i. e. that the words "Gold Crest" alone should be considered with appellant's mark "Cresta Blanca," we find nothing in those expressions as applied to the goods of the parties that can reasonably be held to be likely to cause confusion in trade or to deceive the mind of the public. Therefore, the decision of the Commissioner of Patents is reversed.

Reversed.

By reason of illness, O'CONNELL, Judge, was not present at the argument of this case and did not participate in the decision.